921 F.2d 276
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
L. Lea NABKEY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-1236.
 United States Court of Appeals, Sixth Circuit.
 Dec. 17, 1990.
 
 Before MERRITT, Chief Judge, NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 L. Lea Nabkey, a pro se Michigan citizen, appeals from the district court's order dismissing her action against the United States filed under the Federal Tort Claims Act. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Nabkey sued the United States pursuant to the Federal Tort Claims Act. Nabkey alleged that she was injured at the Federal Building in Detroit, Michigan, due to the negligence of the defendant's employees.
 
 
 3
 While conducting discovery, the defendant sought and received an order compelling Nabkey to sign a general release for her medical records. Nabkey refused to comply with the district court's order and the court granted defendant's motion to impose sanctions, which precluded Nabkey from introducing medical evidence or other evidence of damages beyond that which had been presented in conjunction with her administrative claim.
 
 
 4
 Nabkey subsequently filed motions requesting Judge Bell to disqualify himself, to set aside the order imposing sanctions, to impose sanctions against opposing counsel, to adjourn the trial date and grant her request for a jury trial. The trial court denied all of these motions.
 
 
 5
 The district judge found no basis for the recusal except that he had ruled adversely to plaintiff on discovery and procedural matters incidental to a trial. We agree, finding that plaintiff has not carried her burden of articulating any specific grounds for recusal or disqualification.
 
 
 6
 The defendant later offered to settle the case for the entire amount of damages Nabkey was entitled to recover under the court's previous order. Upon Nabkey's rejection of the offer, the trial court permitted the defendant to deposit the amount of the settlement offer into the court registry fund and dismissed the case for failure to comply with the court's discovery order. The court subsequently denied Nabkey's motion to set aside the judgment.
 
 
 7
 Nabkey has filed a timely appeal. In her brief she requests the court to grant her a transcript at government expense and to strike the appellee's brief from the record as untimely.
 
 
 8
 We deny the requests for a transcript and to strike appellee's brief. Upon examination of the record, we find no error in the disposition of the issues by the district court under the circumstances. In order that plaintiff have the opportunity to benefit from the settlement, she may and should withdraw the funds deposited for her benefit in the district court registry fund promptly. Each party is to bear its own costs.